1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7  BODYGUARD PRODUCTIONS, INC.,                 CASE NO. C17-1648 RSM

8              Plaintiff,                        ORDER DENYING MOTION TO QUASH

9         v.

10  DOE 1,

11             Defendant.

12

13        This matter comes before the Court on Ms. Julie Baker's Objection and Motion to Quash

14  a subpoena issued to an Internet Service Provider ("ISP") for subscriber information associated

15  with an Internet Protocol ("IP") address.  Dkt. #28.  Plaintiff has responded, opposing

16  Defendant's Objection and Motion to Quash.  Dkt. #29.  Defendant has not replied to Plaintiff's

17  Response.  For the reasons indicated below, the Court denies Defendant's Objection and Motion

18  to Quash.

19

20        Plaintiff's copyright infringement case alleges that Doe 1 used "peer to peer" or

21  BitTorrent file "swapping" networks to illegally obtain and distribute the copyrighted motion

22  picture "The Hitman's Bodyguard."  Dkt. #1.  Plaintiff identifies Doe 1 as using an IP address

23  assigned by an ISP at a specific date and time.  Dkt. #1 at ¶ 10.  The Court granted Plaintiff leave

24  to subpoena the ISP associated with that IP address to identify the subscriber assigned that IP

25  address at the time of allegedly infringing activity.  Dkt. #27.

26

ORDER – 1

Ms. Baker, presumably the subscriber notified by the ISP of the subpoena, requests that the Court quash Plaintiff's subpoena issued to Comcast, the ISP in this case. Dkt. #28. Ms. Baker indicates that she has "no knowledge of the alleged infringement to which [Plaintiff] is claiming [and does] not wish to allow inspection of electronically stored data." Dkt. #28. Additionally, Ms. Baker indicates:

> Information that is stored on my devices contain material that deemed sensitive and confidential in nature and are/is protected under the Federal Rules of Civil Procedure and The Federal Privacy Act. I do not wish to be named in this proceeding. I have no knowledge of the Crime. Have a Semi secured wireless network with very limited control as to what family and guest/neighbors can download/upload. I do not own a device with a IP ADDRESS to which the above case number is referenced. (CASE NO. C17-1648RSM) Under the Federal Rule of civil Procedure C.3.iii I wish to Quash/vacate this Subpoena because of the electronic devices contain information is confidential and protected matter. [sic]

*Id.*

Plaintiff argues that Ms. Baker has not identified a legal basis for quashing the subpoena. Dkt. #29 at 3. Plaintiff argues that it cannot identify who may have been using the IP address assigned by Comcast at the time when the infringement occurred without first identifying the subscriber's identity, even if the ultimate liability rests with another individual. *Id.* At the same time, Plaintiff recognizes that the subscriber may not be the infringer named as Doe 1. *Id.* Because the subscriber has shared identifying information with the ISP, Plaintiff maintains that the subscriber has no privacy interest in that information. Dkt. #29 at 4. Further, Plaintiff argues that its need for the information outweighs any possible privacy interest and that it is pursuing the action in good faith to enforce its copyright. *Id.* at 5–7.

The Court has broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Under Rule 45, the Court must quash or modify a subpoena that

requires disclosure of privileged or protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Additionally, the Court has a responsibility to assure that discovery is proportional to the needs of the case. Fed. R. Civ. P. 26.

The Court finds no basis to quash this subpoena as Ms. Baker has failed to show that the subpoena at issue requires disclosure of privileged or otherwise protected information or subjects her to an undue burden. Ms. Baker has standing to seek an order quashing the subpoena to a third party as, assuming she is the subscriber, she likely has some interest in the information sought. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (recognizing standing to quash a subpoena issued to a third party where the moving party has "a personal right or privilege with regard to the documents sought"). However, Ms. Baker has not demonstrated that the information is privileged or otherwise protected. Ms. Baker also does not establish the burden that will be placed on Comcast in responding to the subpoena or establish that the subpoena will place an undue burden on her.[1]

The Court also does not find a basis to limit this discovery under Federal Rule of Civil Procedure 26. Rule 45 subpoenas are still subject to the limitations of Rule 26. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Pursuant to Rule 26, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

---

[1] The Court notes that most of Ms. Baker's concerns are not implicated by the current subpoena. Ms. Baker indicates that she is not liable, does "not wish to allow inspection of electronically stored data," and is concerned that her "electronic devices contain information [that] is confidential and protected matter." Dkt. #28 at 1. Issuance of the subpoena does not establish that Ms. Baker, even if the subscriber, is liable for the infringing activity that Plaintiff alleges. Further, Plaintiff's subpoena to Comcast only seeks documents from Comcast "sufficient to identify the name, address, and email address of the subscribers associated with the IP addresses and at the capture times indicated in attached Exhibit A." Dkt. #28 at 2. To the extent Plaintiff seeks to examine the contents of Ms. Baker's personal electronic devices in the future, Ms. Baker may raise her concerns at that time.

expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, Plaintiff has established that the requested information cannot be obtained from some other source that is more convenient, less burdensome, or less expensive.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Ms. Baker's Objection and Motion to Quash (Dkt. #28) is DENIED.

DATED this 25th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE